IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DOUGLAS MOUSER.,** ) | 1: 05 -cv-0903 OWW WMW HC |
| ) | |
| Petitioner, ) | ORDER ADOPTING |
| v. ) | FINDINGS AND |
| ) | RECOMMENDATIONS AND |
| **ROSANNE CAMPBELL, WARDEN,** ) | DENYING PETITION FOR |
| ) | WRIT OF HABEAS CORPUS |
| **Respondent.** ) | |
| ) | [Doc. 17] |

Petitioner, a state prison, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 . The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

On May 28, 2008, the Magistrate Judge filed findings and recommendations herein. These findings and recommendations were served on the parties and contained notice to the parties that any objections to the findings and recommendations were to be filed within thirty days. After receiving an extension of time, Petitioner filed objections on July 28, 2008.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)C) this court has conducted a de novo review of this case. See Britt v. Simi Valley Unified School Dist., 708 F.2d 452, 454 (9th Cir. 1983). Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

In regard to the first contention addressed in the Magistrate Judge's findings and recommendations, Respondent argues in his objections (as he did in his traverse) that the Court of Appeal failed to apply the correct legal standard.  Specifically, Petitioner argues that under two recent Ninth Circuit cases, when a jury is provided with instructions permitting conviction on several legal theories at least one of which is constitutionally erroneous, the standard of review to be applied  is not one of harmless error.  Rather, opines Petitioner, the standard to be applied is whether the court can say with absolute certainty that the jury relied on the correct legal theory to convict.

The two Ninth Circuit cases relied upon by Petitioner are Lara v. Ryan, 455 F.3d 1080 (9th Cir. 2006) and Pulido v. Chrones, 487 F.3d 669 (9th Cir. 2007).   In Lara, the Ninth Circuit found that an instructional error was structural, and therefore not subject to harmless error review.  It held that when such structural error existed, if "a reviewing court cannot determine with absolute certainty whether a defendant was convicted under an erroneous theory,"  reversal is required.  Lara, 455 F.3d at 1086.  The Ninth Circuit subsequently relied on Lara in applying the same "absolute certainty" standard in Pulido, based on a finding of structural error.

The United States Supreme Court granted certiorari in Pulido, Chrones v. Pulido, 128 S.Ct. 1444 (U.S. Feb. 25, 2008), and then very recently vacated and remanded the case in Hedgpeth v. Pulido, 129 S.Ct. 530 (U.S. Dec. 2, 2008).   In reversing Pulido, the  Court discussed the fact that Pulido relied on Lara, which in turn relied on a line of Supreme Court cases that began with Stromberg v. California, 283 U.S. 359, 51 S.Ct. 532 (1931) and included Yates v. United States, 354 U.S. 298, 77 S.C. 1064 (1957).   Hedgpeth v. Pulido, 129 S.C. at 531-32.  Noting that Stomberg and Yates were decided before the Court concluded in Chapman v. California, 386 U.S. 18, 87 S.C. 824 (1967) that constitutional errors can be harmless, the Court found that  neither case had cause to discuss whether the instructional errors they found could be reviewed for harmlessness, or required automatic reversal.  Id.  The Court reviewed a series of post-Chapman cases, and concluded that a harmless error analysis applies in cases involving instructional error both when a single erroneous instruction is given and when instructions on

2

multiple theories of guilt are given. Id. at 532. The Court expressed no opinion on whether Pulido is entitled to habeas corpus relief, and remanded the case to the Ninth Circuit for application of the harmless error standard.

This new ruling by the Supreme Court moots Petitioner's argument that the State Court of Appeal erred in applying the harmless error standard in analyzing the jury instructions given on second degree felony murder. Petitioner's argument that the conviction must be set aside even under harmless error analysis is not well placed. After review of those arguments and the decision of the Court of Appeal quoted at length in the findings and recommendations, Petitioner has not met the oft-quoted standard for habeas relief. Rather, Petitioner has simply reasserted the arguments made to and correctly rejected by the Court of Appeals in its well-reasoned opinion. No showing has been that the state court's adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."

In regard to the voluntary manslaughter instruction which erroneously instructed the jury that a required element is the intent to kill, Petitioner repeats his arguments rejected by the Court of Appeal and the Magistrate Judge. In particular, Petitioner argues that the instruction allowed the jury to reject the voluntary manslaughter "option" without considering a defense of heat of passion. This issue is expressly addressed and rejected by the Court of Appeal, which found that "if the jurors believed defendant acted in the heat of passion without an intent to kill, they "most likely would have convicted [him] of involuntary manslaughter, a lesser offense included within the crime of murder, on which the jury was also instructed. Instead, the jury convicted defendant of second degree murder, showing it did not believe the killing was committed in the heat of passion." Petitioner argues that a jury that found that a defendant acted with the mental state required for implied malice would be "hard pressed" to find for involuntary manslaughter, which requires only gross negligence. However, the fact remains that the trial court instructed the jury with CALJIC No. 8.50. Thus, the jury knew it could not convict Petitioner of murder unless the state had carried its burden of showing beyond a reasonable doubt that the killing was not done in

3

the heat or passion or upon a sudden quarrel. The jury found Petitioner guilty of murder and therefore must have found that the state carried its burden. The jury therefore could not have found for manslaughter. The Court of Appeal properly rejected the argument that absent the instructional error, the jury would have convicted Petitioner of voluntary manslaughter.

Finally, Petitioner revisits his claims that Petitioner was deprived of his right to effective assistance of counsel and right to be present at all critical stages of the trial, relying primarily on the decision in People v. Garcia, 36 Cal.4th 777 (2005). In Garcia, the California Supreme Court addressed the issue of whether the trial court erred in barring defendant and defense counsel from being present when the jury revisited the crime scene after it had begun its deliberations. The California Supreme Court found that it had, holding:

> Accordingly, in light of the provisions of and purposes underlying section 1138,[1] and the California authorities that have interpreted and applied this statutory provision, we conclude that section 1138 affords a defendant and his or her counsel the right to be present whenever a trial court, upon a jury's request, permits the jury to return to a crime scene once jury deliberations have begun.

Id. at 559 - 60. In relying on this holding, Petitioner largely ignores the undisputed fact that defense counsel expressly and on the record stated that he had no objection to the second view of the crime scene and that he and Petitioner would not be present. Petitioner now strains to create an issue by arguing that the trial court exceeded the bounds of his waiver by allowing the jurors to take notes on the second visit without discussing this issue with counsel. As found by the Magistrate Judge, the Court of Appeal's extensive discussion of this issue demonstrates that error in this regard, if any, was harmless.

Petitioner may seek to appeal from the judgment of the court in this case. Petitioner cannot proceed on such an appeal absent a certificate of appealability. The controlling statute, 28 U.S.C. § 2253, provides as follows:
(a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
(b) There shall be no right of appeal from a final order in a proceeding to test the validity

---

[1] Penal Code section 1138 requires that any questions posed by the jury regarding the law or the evidence be answered in open court in the presence of the accused and his or her counsel.

of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
(B) the final order in a proceeding under section 2255.
(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In the present case, the court finds no denial of a constitutional right.  Accordingly, a certificate of appealability will be denied.

Based on the foregoing, it is HEREBY ORDERED  that:

1. The findings and recommendations issued by the Magistrate Judge on May 28,  2008, are adopted in full;

2. The Petition for Writ of Habeas Corpus is DENIED;

3. A Certificate of Appealability is DENIED; and

4.  The Clerk of the Court is directed to enter  judgment for Respondent and to close this case.

IT IS SO ORDERED.

Dated:   **January 9, 2009**          **/s/ Oliver W. Wanger**
UNITED STATES DISTRICT JUDGE

5